**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

JOSE CARMEN CADENA TORRES,

    Petitioner,

    v.                              Case No. 2:26-cv-02707-BCL-cgc

CHRISTOPHER BULLOCK, in his
official capacity as Director of New
Orleans Field Office for ICE,

    Respondent.

---

**ORDER DENYING § 2241 PETITION**

---

Petitioner Jose Carmen Cadena Torres has filed a Petition for Habeas Corpus under 28 U.S.C. § 2241, by which he challenges his detention without a bond hearing. Doc. 1. The Petition (Doc. 1) is **DENIED** for the reasons that follow.

## BACKGROUND

Petitioner is a native and citizen of Mexico. Doc. 1. On May 4, 2026, Petitioner was arrested in Memphis, Tennessee for the criminal offense of felony theft of property $10,000.00 - $60,000.00, among other things. Doc. 11 at 2. Thereafter, Petitioner was detained by ICE and served with a Notice to Appear charging him with being an immigrant who, at the time of the application for admission, is not in possession of "a valid unexpired immigrant visa … or other valid entry document" and "a valid unexpired passport, or other suitable travel document." *Id*. Petitioner is currently in INA § 240 removal proceedings with his next report date set for August 7, 2026. *Id.*

## LEGAL STANDARD

Section 2241 authorizes a court to issue a writ of habeas corpus when an individual "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An alien seeking to challenge his detention relating to removal proceedings may in some circumstances seek relief through a Section 2241 petition. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## ANALYSIS

Petitioner, through his counsel, framed his Section 2241 petition as a challenge to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), omitting any mention of the Laken Riley Act or his then-recent arrest for (among other things) felony theft of property $10,000.00 - $60,000.00. Doc. 11 at 2.  Respondent then argued that this arrest—for which the charges remain pending—subjects Petitioner to mandatory detention under the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E)(ii).[1] Doc. 11 at 2; *see* 8 U.S.C. § 1226(c)(1)(E)(ii) ("The Attorney General shall take into custody any alien who … is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, [or] shoplifting … offense … when the alien is released, without regard to whether

---

[1] In his counseled petition, Petitioner mentioned neither the Laken Riley Act nor the arrest that is the basis for his detention under the Act, with the result that Respondent did not have a fair chance to respond to Petitioner's challenge to the Laken Riley Act, which was presented for the first time in Reply. Doc. 1. The Court sees two potential reasons for that failure, neither of which is helpful to Petitioner. *First*, Petitioner and his counsel may not have known at the time of the petition that Petitioner's detention without bond was based on the Laken Riley Act. But counsel should have been sufficiently familiar with immigration law to recognize that fact (assuming he had been informed of the arrest) and, in any event, this state of affairs only highlights the importance of administrative exhaustion (here, prudential), which would have clarified the basis for that detention and allowed for more orderly and expeditious litigation. *See Morillo De Parra v. Bullock*, No. 2:26-CV-02434-BCL-TMP, 2026 WL 1537164, at *1 (W.D. Tenn. May 29, 2026). *Second*, it is possible that Petitioner and his counsel intentionally omitted the salient facts concerning the arrest and detention and, as a result, the constitutional challenge to the Laken Riley Act, leaving it for a reply if necessary and depriving the Government of its chance to respond, which in the normal course would result in forfeiture.  The Court will not here attempt to divine the reasons for the omission. But counsel (and counsel presenting similar petitions) are hereby reminded of the importance of administrative exhaustion, their duty not to present a misleading statement of the facts to the courts, and the related risk of forfeiture.  That said, the Court in this case does not here apply forfeiture based on Petitioner's failure to present his constitutional argument in his petition, nor does it rely on prudential administrative exhaustion.  The reasons for denial of Petitioner's petition are those stated in the text.

the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense."); 8 U.S.C. § 1226(c)(2) ("For purposes of paragraph (1)(E), the terms 'burglary', 'theft', 'larceny', 'shoplifting', 'assault of a law enforcement officer', and 'serious bodily injury' have the meanings given such terms in the jurisdiction where the act occurred.").

Faced with this argument, Petitioner does not deny his arrest. Nor does he deny that the Laken Riley Act applies and mandates that he be detained pending his removal proceedings. Rather he argues—only—that "the Laken Riley Act is unconstitutional because it deprives Petitioner of liberty without due process, i.e., without a finding by a judicial or administrative officer that Petitioner committed any of the offenses listed." Doc. 13 at 2.[2]

That argument fails for at least three reasons.

*First*, Plaintiff has done nothing to support it. Petitioner cites neither text nor other supporting sources aside from the due process clause itself and the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), *petn for cert. filed,* No. 25-1415 (U.S.), with Petitioner citing the latter source only for the proposition that there exists "a liberty interest from detention." Doc. 13 at 3. Petitioner has thus forfeited his challenge to the Laken Riley Act or, to the same bottom line, failed to carry his burden of demonstrating its unconstitutionality. *See United States v. Kettles*, 970 F.3d 637, 650 (6th Cir. 2020) ("[A] strong presumptive validity applies

---

[2] Petitioner also at one point states that the portion of Section 1226(c) at issue here—added by the Laken Riley Act—is "superfluous" and "would render provisions 8 U.S.C. §§ 1226(c)(1)(A) & (B) redundant." Doc. 13 at 2. It is unclear how Petitioner believes this will benefit him. He builds out no statutory-interpretation argument—some interpretation under which Section 1226(c)(1)(E) does not apply to him—and purported superfluity is not in and of itself a basis for ignoring a statute duly enacted by Congress and signed by the President. In any event, Petitioner has not shown that any provision is a complete or near-complete subset of the Laken Riley Act (or vice versa) as required to show superfluity. And even if he had, the Laken Riley Act *mandates* detention and speaks to the *timing* of detention—leaving it with work to do, and thus not superfluous. *Cf. Luong v. Bullock*, 2026 WL 1113396, at *4 (W.D. Tenn. 2026);. *Gomez Hernandez v. Lyons*, No. 1:25-CV-216-H, 2026 WL 31775, at *7 (N.D. Tex. 2026) ("[T]he [Laken Riley Act] was not meaningless—it narrowed the discretion afforded to any Administration exercising detention authority under Section 1226.").

to all acts of Congress."); *See also McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

*Second*, to the extent Petitioner means to enlist *Lopez-Campos* for support beyond its acknowledgement of a liberty interest, his reliance is misplaced because the case cuts the other way. In *Lopez-Campos*, the Sixth Circuit held that the non-citizen petitioners did not qualify for mandatory detention under Section 1225, such that their detention without a bond hearing violated the governing statute (Section 1226(a)) and—downstream of that—the due process clause. 175 F.4th at 734. But the Sixth Circuit explicitly noted that the calculus is different where—as here—Congress has specifically called for mandatory detention. *Id.* ("*Demore v. Kim*, 538 U.S. 510 (2003) ... concluded that mandatory detention under Section 1226(c) without an initial individualized bond determination did not violate a noncitizen's procedural due process rights."). In any event, despite discussing the Laken Riley Act, *Lopez-Campos* said nothing at all calling into question its constitutionality. Petitioner's sole authority thus lends him no support.

*Third*, Petitioner's argument fails on a more fundamental level. As Petitioner acknowledges, the Supreme Court in *Demore v. Kim* held that mandatory detention under Section 1226(c) does not violate the constitution. 538 U.S. 510, 531 (2003). While Petitioner points out *Demore* was decided before the enactment of the Laken Riley Act, that makes no difference, because (1) the decision repeatedly notes, with citation to precedent, Congress' power under the Constitution to mandate detention of aliens pending removal without individualized determinations, and (2) at the time of *Demore*—i.e., when Section 1226(c) was held constitutional—Section 1226(c) did not impose the requirement Petitioner seeks to impose here—i.e., a determination that the noncitizen in fact committed the offense alleged by any particular

4

administrative or judicial officer, apparently excluding arresting officers.  *See Kim v. Ziglar*, 276

F.3d 523, 526 (9th Cir. 2002) (quoting then-current version of Section 1226, which mandated

detention of "any alien who … is deportable by reason of *having committed*" covered offenses,

without imposing requirement that commission of the offense be determined in any particular way

or by any specific decisionmaker).   And history confirms that the constitution imposes no such

requirement because, "prior to 1907 there was no provision permitting bail for *any* aliens during

the pendency of their deportation proceedings." *Demore*, 538 U.S. at 523 n.7. Finally, turning to

the facts of this case, in issuing an arrest warrant, a judicial officer (a General Sessions Judge or

Judicial Commissioner) *did* determine that there existed probable cause to believe Petitioner

committed the crime(s) requiring detention, which means Petitioner's argument fails on its own

terms.[3]  *See* Doc. 11-2.

In sum, the Laken Riley Act does not offend the Constitution.  And, more relevant here,

Petitioner by his cursory arguments certainly has not shown that the Laken Riley Act is

unconstitutional.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk is **DIRECTED TO CLOSE THIS CASE**.

**IT IS SO ORDERED**, this 8th day of July, 2026.

s/ *Brian C. Lea*
_____
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

---

[3] Petitioner makes no argument for any particular standard for determining commission of a covered offense under the Laken Riley Act.